Turley J.
delivered the opinion of the court.
It appears from the bill of exceptions, that the defendant, Collier, was indebted to one A. Doughty, a former husband of the plaintiff, Sarah, and that the administrator of said Doughty’s estate assigned to said Sarah, as part of her distributive share, the said debt on Collier.
Collier became a bankrupt, and obtained a certificate of bankruptcy; after which the agent of said Sarah, applied to him, for the payment of said debt; Collier replied, “that he had been discharged from his liabilities, by the district federal court, but that he intended to pay all his just debts, when he got able, and the debt in question was one that he intended to pay when he became able, that it was a just and honest debt, and he intended to pay it, as soon as he was able.”
Collier offered, at the time of this conversation, to pay part of the debt in a load of stone ware, but the plaintiff’s agent declined taking it, but offered to take a horse. The defendant said he would try to do this, in the course of two or three months.
The court charged the Jury, that if in what Collier said, he merely meant that he would pay the debt, if he got able, it was not an assumpsit that bound him. t
The jury found for the defendant, and the plaintiffs appealed to this court. No objection is taken hei’e, to the instruction of the court to the jury, but it is insisted that the conversation of Collier with the plaintiff’s agent, amounted to a 'promise to pay this debt.
We think the promise was a conditional one, depending upon the event of the party becoming able to pay his debts ; and that the jury were warranted in finding for the defendant.
Affirm the judgment.